Davinson Osvaldo · **PORTO–FORBES; Eunice Del Socorro Padilla De Porta; Davison Del Carmen Porto Padilla; Alberto Jose Porto Padilla; Patricia Paola Porto Padilla, Petitioners,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–71128.

Agency Nos. A70–917–464, A70–917–465, A70–917–466, A70–917–467, A70–917–468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided May 12, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Noemi G. Ramirez, Attorney at Law, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Genevieve Holm, John C. Cunningham, Margaret M. Newell, U.S. Department of Justice Civil Division, Washington, DC, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM**

Davinson Osvaldo Porto–Forbes and his family petition for review of the Board of Immigration Appeals' (BIA's) affirmance of the Immigration Judge's (IJ's) denial of his application for asylum and withholding.[1] We deny the petition in part, grant it in part, and remand for further proceedings.

The IJ made a "mixed" credibility finding. We interpret the IJ's statements to mean that Porto–Forbes was found not credible solely as to the testimony cited. We conclude that substantial evidence[2] supported the IJ's finding that he was not credible with respect to his testimony about the transformer explosion. Substantial evidence did not support the other inconsistencies noted by the IJ, those inconsistencies did not go to the heart of Porto–Forbes's claim,[3] or they were explained adequately. Accordingly, we grant the petition in part and remand for a determination of whether the evidence, absent the evidence of the transformer explosion, supports a finding of past persecution. We note that death threats alone, if sufficiently serious, can establish eligibility for asylum.[4]

**PETITION DENIED IN PART AND GRANTED IN PART; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the BIA summarily affirmed the IJ's decision, we review the IJ's decision. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1100 (9th Cir.2004).

2. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (setting forth standard of review for credibility determinations).

3. *See, e.g., Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir.2004).

4. *See Garrovillas v. INS*, 156 F.3d 1010, 1016–17 (9th Cir.1998).